## IN THE SUPERIOR COURT OF GUAM

14 MAR 28 PM 6: 40

CALVO FISHER & JACOB LLP f/k/a
CALVO & CLARK, LLP, a Guam
limited liability partnership,

        Plaintiff,

v.

DAVID J. LUJAN, an individual,

        Defendant.

CASE NO. CV0030-13

**DECISION AND ORDER
ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
DEFENDANT'S MOTION TO
DISMISS**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 30, 2013 on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss. Attorney Michael Pangelinan represented Plaintiff Calvo Fisher & Jacob, LLP. Attorney Ignacio Aguigui represented Defendant David Lujan. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

### FACTUAL BACKGROUND

Plaintiff Calvo Fisher & Jacob (hereinafter, "CFJ") filed the First Amended Complaint on August 29, 2013, seeking to enforce a money judgment entered against Defendant Lujan in California. After a conflict related to legal fees arose between Plaintiff and Defendant, a jury trial was conducted in *Calvo & Clark, LLP v. David J. Lujan*, Case No. CGC-10-498299.[1] There, a 12-member jury found in favor of CFJ and determined that Plaintiff was entitled to a money judgment in the amount of $945,947.90. (*See* First Amended Complaint, Ex. A). Thereafter, on

---

[1] The case caption was later changed to *Calvo Fisher & Jacob LLP f/k/a/ Calvo & Clark, LLP v. David J. Lujan*, to reflect Plaintiff's name change.

August 22, 2013, the Court there issued a Judgment on Jury Verdict *Nunc Pro Tunc* wherein the Court ordered:

> that Calvo have and recover from Lujan the sum of $945,947.90 together with its disbursements and costs, including expert witness fees and prevailing party attorneys' fees as allowed by contract in the amount of $1,717,952.81, as awarded in the Court's August 5, 2013 Orders Taxing Costs and Awarding Attorneys' Fees ... and pre-judgment interest as allowed by contract in the amount of $334,545.41, as awarded in the Court's August 5, 2013 Order Granting Calvo Fisher & Jacob LLP's Motion for Prejudgment Interest ... for a total judgment of $2,998,446.22. Post-Judgment interest at the statutory rate of 10% per annum (or $821.49 per day) has (and continues) to accrue on this judgment. As of August 8, 2013, the total amount of post-judgment interest due to Calvo on this judgment is $178,263.33.

(First Amended Complaint, Ex. B).

On August 30, 2013, Plaintiff filed with this Court a Motion for Summary Judgment, arguing CFJ is entitled to judgment as a matter of law as the California Judgment is entitled to full faith and credit and that the *Judgment Nunc Pro Tunc* is enforceable in California as Defendant's failure to post a bond has precluded a stay pending appeal.

On September 12, 2013, Defendant filed a Motion to Dismiss the First Amended Complaint. He argues that the California judgment is not final because it is currently under reconsideration/appeal and as a result, dismissal is proper under Rule 12(b) of the Guam Rules of Civil Procedure.

Each motion was opposed by the opposing party. Each Opposition encapsulated the same arguments made in their own motions. For the reasons set forth below, the Court shall stay these proceedings until a final outcome is reached in the California appeals process for this matter.

## DISCUSSION

Defendant Lujan has moved to dismiss pursuant to Guam Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Conversely, Plaintiff has moved for summary judgment pursuant to Rule 56(a).

## I. <u>Legal Standard</u>.

At issue in a Rule 12(b)(1) motion is the court's "very power of the court to hear the case." <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 302 (3d Cir. 2006). On a motion to dismiss under Rule 12(b)(1), Plaintiffs bear the burden of proof for establishing jurisdiction. <u>Farmers Ins. Ex. V. Portage La Prairie Mut. Ins. Co.</u>, 907 F.2d 911, 912 (9th Cir. 1990). If a Court lacks subject matter jurisdiction it must dismiss the case in its entirety. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006). If subject matter jurisdiction turns on contested facts, the trial judge may be authorized to view the evidence and resolve the dispute. <u>Id</u>.

Dismissal pursuant to Rule 12(b)(6) "is not proper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>First Hawaiian Bank v. Manley</u>, 2007 Guam 2 ¶ 9. The court's inquiry on a motion to dismiss is limited to the content of the complaint and the court should not dismiss merely because it doubts the plaintiff will prevail in the action or that the possibility of ultimate recovery is remote. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

"In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." <u>Newby v. Government of Guam</u>, 2010 Guam 4 ¶ 14. Whether considering the motion under 12(b)(1) or 12(b)(6), the Court must take all allegations in the complaint as true and all reasonable inferences drawn in Plaintiff's favor. See <u>Pride v. Correa</u>, 719 F.3d 1130 (9th Cir. 2013).

In ruling on a Rule 12(b)(6) motion to dismiss, a trial court "must convert the dismissal motion into a summary judgment motion whenever it considers extraneous material outside the pleadings." <u>Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.</u>, 2010 Guam 13 ¶ 29. As this this Court has considered numerous exhibits outside of the pleadings, analysis proceeds on summary judgment grounds.

In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

A material fact is one that is relevant to an element of a claim or defense or which might affect the outcome of the suit. See Iizuka Corp. v. Kawasho Intern. (Guam), Inc., 1997 Guam 10. The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion and demonstrating the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## II. Subject Matter Jurisdiction.

As stated supra, on a 12(b)(1) motion, Plaintiffs bear the burden of establishing jurisdiction. Defendant's basis for this motion is grounded in his argument that the matter is not yet ripe. (See Motion to Dismiss at p.4). Essentially, the argument is that as the California Judgment *Nunc Pro Tunc* is not yet "final" it is not entitled to full faith and credit here in Guam. Plaintiff has filed with this Court numerous declarations and exhibits which, as will be discussed in greater detail below, demonstrate that the action here for the enforcement of the California Judgment is ripe, thus negating Defendant's subject matter jurisdiction argument. The Court finds that Plaintiff has met the burden in demonstrating proper subject matter jurisdiction.

## III. Enforceability of the California Judgment.

The United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Stahl v. Stahl, 2013 Guam 26 ¶ 17 (quoting U.S. Const. art. IV, § 1). The judgment of a

-4-

state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced. *Id*. at ¶ 18.

As stated *supra*, reconsideration/appeal proceedings have been initiated with regard to the California judgment. "The local law of the state of rendition determines whether or not a judgment is final.... As between States of the United States, application of the local law of the State of rendition to determine whether a judgment is final is required by the Constitution." *Id*. at ¶ 21. Therefore, in order to determine if a possible appeal prevents this Court from recognizing the California judgment, we turn to California law.

Except as otherwise provided by statute or in the judgment, a judgment is enforceable upon entry. *See* Cal. Code Civ. P. § 683.010. Enforcement of a judgment may be stayed. *See* Cal. Code. Civ. P. § 916. However, under California law, a stay of a money judgment pending appeal will issue only after first posting a bond pursuant to Cal. Code Civ. P. § 917.1, which reads in pertinent part as follows:

(a) Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following:
(1) Money or the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action.
(2) Costs awarded pursuant to Section 998 which otherwise would not have been awarded as costs pursuant to Section 1033.5.
(b) The undertaking shall be on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order, or the part of it as to which the judgment or order is affirmed, as entered after the receipt of the remittitur, together with any interest which may have accrued pending the appeal and entry of the remittitur, and costs which may be awarded against the appellant on appeal. This section shall not apply in cases where the money to be paid is in the actual or constructive custody of the court; and such cases shall be governed, instead, by the provisions of Section 917.2. The undertaking shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and one-half times the amount of the judgment or order. The liability on the undertaking may be enforced if the party

ordered to pay does not make the payment within 30 days after the filing of the remittitur from the reviewing court.

Cal. Code Civ. P. § 917.1 (a)-(b).

The record before this Court shows that although appeal proceedings have been initiated in California, no stay has been issued, and no bond has been posted. As such, under California law, the Judgment *Nunc Pro Tunc* issued on August 22, 2013 is enforceable in California. It would appear that the California judgment would then be enforceable here.

Nonetheless, a stay may be appropriate under the circumstances found here. "A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition." Restatement (Second) of Conflicts of Law § 107. Section 107 comment *e* states:

> If, by the local law of the state of rendition, the appeal does not vacate the judgment, action will lie on the judgment in another state. Usually, however, the courts of the state in which enforcement of the judgment is sought will either stay their judgment, or stay execution thereof, pending the determination of the appeal.

Here, the interests of judicial economy would best be served by staying these proceedings pending a post-appeal resolution. In doing so, the primary concern is the multiplicity of Guam cases that would arise if enforcement on the Judgment is carried out now and then possibly modified later after it has been reconsidered by the trial court, reviewed by the California Court of Appeals and, possibly, the Supreme Court of California.

## CONCLUSION

Because the Court disagrees with Defendant's assertion that ripeness issues preclude this Court's jurisdiction over the matter, the Motion to Dismiss is hereby **DENIED**. The Court shall refrain from issuing its ruling on Plaintiff's Motion for Summary Judgment pending the California appeal and hereby issues a stay on these proceedings.

//

//

-6-

Decision and Order
Case No. CV0030-12

It is **SO ORDERED** this 28th day of March, 2014.

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**ORIGINAL**

**SERVICE VIA COURT BOX**

I acknowledge that a copy was
outlined this morning and placed in the
court box.

Calvo Fisher; D & O
Suijin Agnighi; ONX

Date: 3/31/14    8:10a

Deputy Clerk, Superior Court of Guam

ORIGINAL